Filed 3/20/13  In re Elizabeth V. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re ELIZABETH V., a Person Coming Under the Juvenile Court Law. | |
| | D061651 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. J230398) |
| v. | |
| ELIZABETH V., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Carlos O. Armour, Judge.  Reversed in part, affirmed in part, and remanded with directions.

The San Diego County District Attorney's Office filed a juvenile petition under section 602 of the Welfare and Institutions Code (undesignated statutory references will be to the Welfare and Institutions Code unless otherwise specified) alleging Elizabeth V. made criminal threats on October 29, 2011, and January 9, 2012 (counts 1 & 3,

respectively: Pen. Code, § 422; victim: Leticia C.),[1] committed vandalism on October 29, 2011 (count 2: Pen. Code, § 594, subds. (a) & (b)(1); victim: Elena C.) and willfully disobeyed a restraining order on January 9, 2012 (count 4: Pen. Code, § 166, subd. (a)(4)). Following a contested hearing, the juvenile court sustained the petition as to counts 2, 3 and 4. The court dismissed count 1 "due to an insufficiency of the evidence."

At the disposition hearing, the juvenile court declared Elizabeth a ward of the court and ordered that she be placed on probation subject to a variety of conditions, including the four conditions Elizabeth challenges in this appeal, which prohibit her from (1) "ALL ONLINE COMMERCE"; (2) "us[ing] a computer for any purpose other than school related assignments"; (3) "be[ing] in any privately owned vehicle with more than one person under the age of 18 unless accompanied by a parent or legal guardian, or with permission of the Probation Officer"; and (4) "appear[ing] in Court or at any courthouse unless a party or witness in the proceedings, or with permission of the Probation Officer."

Elizabeth contends the four foregoing conditions of her probation should be stricken because they are unconstitutionally vague and overbroad. We conclude we must strike the all online commerce prohibition because it is unconstitutionally overbroad. We also conclude the computer use restriction prohibiting Elizabeth, even under supervision, from using a computer "for any purpose other than school related assignments" is unconstitutionally overbroad and must be modified to protect her constitutional rights by adding language allowing her to have supervised use of a computer not only for school-

---

[1]     We refer to Leticia C. and her mother, Elena C., by their first names because it appears Leticia, like Elizabeth, was a minor.

related assignments, but also for legitimate work or personal purposes as her probation officer may reasonably permit from time to time. The People concede and we agree we must modify the restricted driving condition to include a knowledge requirement. We also conclude we must strike the restricted court access condition because it is unconstitutionally overbroad and remand the matter to the juvenile court to fashion a narrower condition if the juvenile court finds the condition is still necessary. In all other respects, we affirm the juvenile court's judgment.

## FACTUAL BACKGROUND

A. *The People's Case*

At around 4:00 a.m. on October 29, 2011, Elena heard a loud noise in the front of her house and then her car alarm going off. She looked outside and saw a group of people, including Elizabeth, standing near her car and laughing. Elena and her daughter, Leticia, saw Elizabeth throw a brick at the car. The brick landed on the windshield. Later, when they went outside, they found another brick on the hood of the car. Elena estimated that the damage to the windshield and hood of the car was more than $2,000.

In the morning on January 9, 2012, following a hearing, the juvenile court issued a restraining order prohibiting Elizabeth from contacting Elena or Leticia. Elizabeth was present at the hearing.

Later that same day, Leticia received a telephone call from Elizabeth, who asked Leticia why she was pursuing criminal charges against her. Elizabeth angrily threatened Leticia, saying, "It ain't over. I'm going to beat your ass. I'm going to stomp you out until you bleed."

3

B.  *Defense Case*

Elizabeth testified in her own defense.  She denied that she threw a brick at Elena's car and stated she was in Tijuana, Mexico, on the day the incident happened.  She also denied that she called Letiticia.

On cross-examination, Elizabeth acknowledged that she told a police officer in early November 2011 that she was present at the scene during the incident.  She testified that she made that statement to the officer because her mother "was crying to [her] to admit to it and to pay the damages."  Elizabeth acknowledged her mother offered to pay for the damage to Elena's car.  Elizabeth also admitted she has a Facebook account in which she posted a statement that Leticia is "stupid."

DISCUSSION

I

*FORFEITURE*

Preliminarily, we conclude that although Elizabeth acknowledges her counsel did not object in the juvenile court to the four probation conditions she challenges here, she has not (as the Attorney General contends) forfeited her claims that these conditions are unconstitutionally vague and overbroad.  Failure to object to a probation condition as vague or overly broad does not result in a forfeiture where, as here, the objection presents a facial challenge raising a pure question of law.  (*In re Sheena K.* (2007) 40 Cal.4th 875, 888 (*Sheena K.*); *In re E.O.* (2010) 188 Cal.App.4th 1149, 1153, fn. 1.)  As Elizabeth correctly points out, she does not refer to any particular facts in this case and the Attorney General has presented no argument why her claims should be deemed forfeited.  The

4

Attorney General merely asserts that "[b]ecause [Elizabeth] never objected to any of the conditions imposed, she has forfeited the contentions on appeal." Accordingly, we address the merits of her claims.

II

*CONSTITUTIONALITY OF THE FOUR CHALLENGED
CONDITIONS OF PROBATION*

Elizabeth challenges on constitutional grounds the four probation conditions prohibiting her from (1) "ALL ONLINE COMMERCE"; (2) "us[ing] a computer for any purpose other than school[-]related assignments"; (3) "be[ing] in any privately owned vehicle with more than one person under the age of 18 unless accompanied by a parent or legal guardian, or with permission of the Probation Officer"; and (4) "appear[ing] in Court or at any courthouse unless a party or witness in the proceedings, or with permission of the Probation Officer."

A. *General Legal Principles*

"The state, when it asserts jurisdiction over a minor, stands in the shoes of the parents." (*In re Antonio R.* (2000) 78 Cal.App.4th 937, 941.) When a juvenile court adjudges a minor a ward of the court under section 602 and places the ward under the supervision of a probation officer, "[t]he court may impose and require any and all reasonable [probation] conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." (§ 730, subd. (b).)

5

"The juvenile court has wide discretion to select appropriate [probation] conditions . . . ." (*Sheena K.*, *supra*, 40 Cal.4th at p. 889.) The permissible scope of the juvenile court's discretion in formulating the terms of a minor's probation is greater than that allowed for adult probationers "because juveniles are deemed to be 'more in need of guidance and supervision than adults, and because a minor's constitutional rights are more circumscribed.'" (*In re Victor L.* (2010) 182 Cal.App.4th 902, 910; *In re Antonio R.*, *supra*, 78 Cal.App.4th at p. 941.) Thus, a probation condition that would be unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court. (*Sheena K.*, *supra*, at p. 875.)

Generally, a probation condition will be upheld unless it " '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' " (*People v. Lent* (1975) 15 Cal.3d 481, 486, fn. omitted, abrogated by Proposition 8 on another ground as explained in *People v. Wheeler* (1992) 4 Cal.4th 284, 290-292.)

Furthermore, the juvenile court must not order conditions that are unconstitutionally vague or overbroad. (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) Although challenges to the constitutionality of probation conditions on the grounds of vagueness and overbreadth are frequently made together, the concepts are distinct.

[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.'" (*Sheena K.*, *supra*, 40 Cal.4th at p. 890; see U.S. Const., Amends. 5, 14; Cal. Const., art. I, § 7.) A probation condition is unconstitutionally vague if it is not

6

"'sufficiently precise for the probationer to know what is required of him [or her], and for the court to determine whether the condition has been violated.'" (*Sheena K.* at p. 890.) "In deciding the adequacy of any notice afforded those bound by a legal restriction, we are guided by the principles that 'abstract legal commands must be applied in a specific *context*,' and that although not admitting of 'mathematical certainty,' the language used must have ' "*reasonable* specificity." ' " (*Ibid.*, quoting *People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1116-1117.)

In contrast, a probation condition is unconstitutionally overbroad if it imposes limitations on the probationer's constitutional rights and it is not closely or narrowly tailored and reasonably related to the compelling state interest in reformation and rehabilitation. (*Sheena K.*, *supra*, 40 Cal.4th at p. 890; *In re Victor L*, *supra*, 182 Cal.App.4th at p. 910.) "The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement." (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.)

In an appropriate case, a probation condition that is not " 'sufficiently narrowly drawn' " may be modified and affirmed as modified. (*People v. Lopez* (1998) 66 Cal.App.4th 615, 629; see also *In re E.O.*, *supra*, 188 Cal.App.4th at p. 1158.)

1. *Standard of review*

Generally, "[t]he juvenile court's exercise of discretion in establishing conditions of probation in juvenile cases 'will not be disturbed in the absence of manifest abuse.'"

7

(*In re Christopher M.* (2005) 127 Cal.App.4th 684, 692; *In re Josh W.* (1997) 55 Cal.App.4th 1, 5.)  However, a facial challenge to a term of probation on the ground of unconstitutional vagueness or overbreadth that is capable of correction without reference to the particular sentencing record developed in the trial court presents a pure question of law, and we review such challenges de novo.  (*Sheena K.*, *supra*, 40 Cal.4th at p. 887; *In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)

B.  *Analysis*

1.  *First restricted computer use condition*

Elizabeth first contends the probation condition that she is prohibited from all online commerce should be stricken because it is unconstitutionally vague and overbroad on its face.  She asserts (1) the condition is unconstitutionally vague because it "necessarily chills her exercise of protected Constitutional rights" and she "cannot tell what behavior is prohibited"; and (2) it is unconstitutionally overbroad because (among other things) it is not narrowly tailored to achieve the juvenile court's goals of rehabilitating her and promoting public safety.

We conclude this online commerce ban is unconstitutionally overbroad and must be stricken.  "Restrictions upon access to the Internet necessarily curtail First Amendment rights."  (*In re Stevens* (2004) 119 Cal.App.4th 1228, 1235.)  As already discussed, the overbreadth doctrine requires that conditions of probation that impinge on constitutional rights be closely or narrowly tailored, and reasonably related, to the compelling state interest in reformation and rehabilitation of the juvenile probationer.  (*Sheena K.*, *supra*,

40 Cal.4th at p. 890; *In re Victor L.*, *supra*, 182 Cal.App.4th 910; see also *In re Stevens*, at p. 1237.)

Here, the court imposed the challenged probation conditions, including the blanket online commerce ban, after it found true the petition allegations that Elizabeth (1) vandalized Elena's car on October 29, 2011 (count 2); (2) made criminal threats against Leticia during a phone call on January 9, 2012 (count 3); and (3) willfully disobeyed a restraining order by making that call on January 9, 2012 (count 4).  The Attorney General has not shown, and cannot demonstrate, that the challenged online commerce ban is narrowly tailored and reasonably related to the compelling state interest in Elizabeth's reformation and rehabilitation.  This sweeping probation condition imposes far-reaching restrictions that, for example, would prevent her from using the Internet to buy books, find medical or social service resources, search for a college, or purchase bumper stickers and other materials related to political campaigns or charitable causes.  None of these and innumerable similar "online commerce" restrictions are closely tailored and reasonably related to the state's interests in rehabilitating Elizabeth and promoting public safety.  The online commerce prohibition is unconstitutionally overbroad and must be stricken.[2]

---

[2]    In light of our conclusion, we need not reach Elizabeth's related claim that the online commerce prohibition is unconstitutionally vague.

9

## 2. *Second restricted computer use condition*

Elizabeth also contends a second computer use condition of probation prohibiting her from "us[ing] a computer for any purpose other than school related assignments"[3] should be stricken because it is unconstitutionally vague and overbroad on its face. She asserts the condition is unconstitutionally vague because "[i]t is unclear exactly what a school-related assignment might encompass"; and it is unconstitutionally overbroad because this prohibition, "when read in tandem with the 'ONLINE COMMERCE' prohibition, sweeps far too broadly in its attempt to achieve the government's goals of rehabilitation and crime prevention."

"Computers and Internet access have become virtually indispensable in the modern world of communications and information gathering." (*United States v. Peterson* (2nd Cir. 2001) 248 F.3d 79, 83.) Computers and the Internet now "'comprise[] the "backbone" of American academic, governmental, and economic information systems.'" (*In re Stevens*, *supra*, 119 Cal.App.4th at p. 1234.) "The Supreme Court has characterized the Internet as 'a vast library including millions of readily available and indexed publications . . . .'" (*Ibid*.)

As already noted, "[r]estrictions upon access to the Internet necessarily curtail First Amendment rights." (*In re Stevens*, *supra*, 19 Cal.App.4th at p. 1235.) Thus, a

---

3  The full text of this probation condition is as follows: "*The minor is not to use a computer for any purpose other than school related assignments*. The minor is to be supervised when using a computer in the common area of his/her residence or in a school setting." (Italics added.) Elizabeth does not challenge the portion of this condition requiring supervision of her computer use.

probation condition that restricts the use of a computer to access the Internet "must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*Sheena K.*, *supra*, 40 Cal.4th at p. 890; see *In re Stevens*, at p. 1237.)

Here, the blanket restriction on Elizabeth's use of a computer for only school-related assignments precludes her extracurricular use of a computer to write letters; create art; use software to learn a foreign language; learn about current local, national, and international news; obtain medical information; and obtain other legitimate information wholly unrelated to her criminal conduct in this case. Such a broad restriction is not narrowly tailored and reasonably related to the state's interests in rehabilitating Elizabeth and deterring future criminality.

Accordingly, we conclude this restriction is unconstitutionally overbroad and must be modified to protect her constitutional rights by adding language allowing her to have supervised use of a computer not only for school-related assignments, but also for legitimate work or personal purposes as her probation officer may reasonably permit from time to time. (See *In re Hudson* (2006) 143 Cal.App.4th 1, 11 ["[Defendant] will be allowed to use a computer and access the Internet if he first obtains permission from [his parole officer.].) Furthermore, in the interest of avoiding any uncertainty regarding such permitted use, the probation officer shall describe such permitted legitimate use in writing and deliver that writing to Elizabeth and her parents or other adults charged with supervising her use of a computer. As so modified, we believe the probation condition will not unduly impinge on Elizabeth's constitutional rights.

11

We reject Elizabeth's claim that the condition at issue here is unconstitutionally vague because "[i]t is unclear exactly what a school-related assignment might encompass." As noted, the language of a probation condition must be reasonably specific and will be found unconstitutionally vague if it is not " 'sufficiently precise for the probationer to know what is required of him [or her], and for the court to determine whether the condition has been violated.' " (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) Here, the term "school related assignments" is reasonably specific, and we are persuaded it is sufficiently precise for Elizabeth to " 'know what is required of [her], and for the court to determine whether the condition has been violated.' " (*Ibid*.)

3. *Restricted driving condition*

The restricted driving condition prohibits Elizabeth from being "in any privately owned vehicle with more than one person under the age of 18 unless accompanied by a parent or legal guardian, or with permission of the Probation Officer." Elizabeth contends, the People concede, and we agree the restricted driving condition must be modified to include a knowledge requirement. (See, e.g., *Sheena K.*, 40 Cal.4th at pp. 890-892; *People v. Leon* (2010) 181 Cal.App.4th 943, 950 (*Leon*).) As the Attorney General acknowledges, "it is possible that [Elizabeth] could be in the presence of minors without knowing that they were under 18 years of age."

4. *Restricted court access condition*

The restricted court access condition prohibits Elizabeth from "appear[ing] in Court or any courthouse unless [she is] a party or witness in the proceedings, or with permission of the Probation Officer." Elizabeth contends we must strike or modify the

restricted court access condition because it is unconstitutionally overbroad. We conclude this condition is unconstitutionally overbroad and must be stricken.

Three appellate courts have recently considered similar probation conditions, and all three concluded the conditions were unconstitutionally overbroad. In *Leon, supra,* 181 Cal.App.4th 943, the Court of Appeal held unconstitutionally overbroad a condition that stated: "You shall not appear at any court proceeding unless you're a party, you're a defendant in a criminal action, subpoenaed as a witness, or with permission of probation." (*Id*. at pp. 952-953.) Quoting *Bill Johnson's Restaurants, Inc. v. NLRB* (1983) 461 U.S. 731 for the proposition that "'[t]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances,'" the *Leon* court observed that "[a] general ban on being present at any courthouse or court proceeding, except when scheduled for a hearing or subpoenaed as a witness, may impinge upon a host of constitutional rights." (*Leon*, at p. 952.) The appellate court in *Leon* also observed that "[t]here can be a variety of legitimate reasons for being at a court proceeding, other than to intimidate or threaten a party or witness. For example, defendant may need to file a document regarding a family matter or he may, as a member of the public, wish to observe a newsworthy trial not involving a gang member or himself." (*Id*. at p. 953.)

In *People v. Perez* (2009) 176 Cal.App.4th 380 (*Perez*), the appellate court held unconstitutionally overbroad a condition that prohibited the probationer from attending any court hearing or being "within 500 feet of any Court in which [he] is neither a defendant nor under subpoena." (*Id*. at pp. 382, 385.) The *Perez* court struck the

13

condition, as it "impose[d] unnecessary restrictions on [the probationer's] right to access the courts and government offices" and prevented him from "filing or appearing in a civil action or voluntarily testifying in a case in which he has not been subpoenaed." (*Id*. at p. 385.) However, the *Perez* court did not attempt to fashion a condition free of the constitutional infirmities it identified; rather, it struck the offending condition and remanded the matter with the observation that the trial court might "impose a narrower condition if it deems necessary." (*Id*. at p. 386.)

More recently, in *In re E.O.*, *supra*, 188 Cal.App.4th 1149, the Court of Appeal held unconstitutionally overbroad a condition that prohibited the juvenile probationer from "knowingly com[ing] within 25 feet of a Courthouse when the minor knows there are criminal or juvenile proceedings occurring which involve[] anyone the minor knows to be a gang member or where the minor knows a witness or victim of gang-related activity will be present, unless the minor is a party in the action or subpoenaed as a witness or needs access to the area for a legitimate purpose or has prior permission from his Probation Officer." (*Id*. at p. 1152.) The *In re E.O.* court observed that the condition "unnecessarily infringe[d]" upon the probationer's "specific right under the state Constitution to attend and participate in court proceedings if he or a family member is a victim of a crime;" and it would also "prevent him from testifying voluntarily or addressing the court in a setting, such as a sentencing hearing, where comments from members of the public might be received. (*Id*. at p. 1155.)

The conclusions and observations in *Leon*, *Perez*, and *In re E.O.*, apply equally in this case. Accordingly, we conclude we must strike the restricted court access condition

14

and remand the matter to the juvenile court to fashion a narrower condition if the court continues to find the condition necessary. (See *Perez*, *supra*, 176 Cal.App.4th at p. 386.)

DISPOSITION

We modify the judgment by striking the probation condition prohibiting "ALL ONLINE COMMERCE."

We also modify the judgment by striking the probation condition prohibiting Elizabeth from using a computer "for any purpose other than school related assignments," and we modify that condition to state: "The minor is not to use a computer for any purpose other than school-related assignments, except as her probation officer may from time to time reasonably permit for legitimate work or personal purposes by a written notice delivered to the minor, his parents, and other adults supervising his computer use." We affirm the related probation condition that states: "The minor is to be supervised when using a computer in the common area of [her] residence or in a school setting."

We further modify the judgment by striking the probation condition prohibiting Elizabeth from "be[ing] in any privately owned vehicle with more than one person under the age of 18 unless accompanied by a parent or legal guardian, or with permission of the Probation Officer," and we remand the matter to the trial court with directions to modify the restricted driving condition to include a knowledge requirement.

We also modify the judgment by striking the probation condition prohibiting Elizabeth from "appear[ing] in Court or any courthouse unless [she is] a party or witness in the proceedings, or with permission of the Probation Officer," and we

remand the matter to the trial court with directions to the juvenile court to fashion a narrower condition if the juvenile court finds the condition is still necessary. In all other respects, we affirm the juvenile court's judgment.

NARES, J.

WE CONCUR:

HUFFMAN, Acting P. J.

McDONALD, J.

16