Filed 12/18/13  In re A.B. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re A.B., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B249204 (Super. Ct. No. PJ49657) (Los Angeles County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>A.B.,<br><br>    Defendant and Appellant. | |

A.B. appeals a juvenile court probation condition issued after the trial court sustained a juvenile wardship petition (Welf. & Inst. Code, § 602), finding A.B. had committed an assault and battery (Pen. Code, § 242).  We conclude, among other things, that:  1) a condition that restricts A.B.'s access to schools he does not attend does not violate his constitutional right to travel, but 2) an overly broad one-block zone restriction must be modified to eliminate the risk that the minor might innocently or inadvertently contravene the condition while engaged in lawful daily activities.  We modify the condition.  In all other respects, the judgment is affirmed.

## FACTS

On September 7, 2012, at approximately 4:30 p.m., Ezzit Gadalla, the manger of an apartment building, saw five or six "kids sitting in the common area" near a no trespassing sign. He testified that on four occasions he saw them inside his "property in the parking lot." They were not tenants and were not authorized to be there.

Gadalla took out a camera phone to take pictures of these minors. Some of them hid their faces, others ran away. He took a picture of A.B. who responded by slapping the camera away and hitting Gadalla's hands. Gadalla picked up the camera. A.B. slapped Gadalla's face. Gadalla felt pain "from the hit."

A.B testified, "I did not shove the man per se but the phone. I did push it out of my face." He said Gadalla hit him "in the back of [his] head." A.B. "did a backhand motion and hit [Gadalla] in his face."

The trial court sustained the petition. In her report to the court, A.B.'s probation officer said, "Due to the fact that minor is currently before the court on a misdemeanor charge and has not been placed on probation previously this officer is not opposed to minor being placed on informal supervision at this time." (Capitalization omitted.)

The trial court told A.B., "[Y]ou're on probation, but you don't have to report to the probation officer unless they tell you to." It imposed probation condition No. 12. It provides, "Do not be within one block of any school ground unless enrolled, attending classes, on approved school business, or with school official, parent or guardian." A.B.'s counsel did not object when the court imposed this condition.

## DISCUSSION

### *The Validity of a Condition Restricting Access to Other Schools*

A.B. contends condition No. 12 is not a valid probation condition and it "improperly intrudes on [his] constitutional right to travel." (Capitalization omitted.)

The People contend A.B. forfeited this claim by not raising it in the trial court. A.B. responds that his failure to object in juvenile court does not preclude appellate review. He argues that because his claim primarily involves a facial challenge

2

to the constitutionality of the restriction, it may be raised for the first time on appeal. There is merit to this contention. (*In re Sheena K.* (2007) 40 Cal.4th 875, 888-889.) The People argue he should have objected in the trial court because his claim involves some consideration of the facts. But even if they are correct, that is not fatal to appellate review. "[A]n appellate court may review a forfeited claim--and '[w]hether or not it should do so is entrusted to its discretion.'" (*Id.* at p. 887, fn. 7.)

A.B. has raised important constitutional issues. Our resolution of them will provide guidance for the trial court. Probation condition No. 12 is on a standardized preprinted juvenile court form that could be used in thousands of cases. The constitutional issues regarding this condition are a matter of continuing public importance. We proceed to the merits.

"'A condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . ."'" (*In re R.V.* (2009) 171 Cal.App.4th 239, 246.) "All three factors must be present to invalidate a condition of probation." (*Ibid*.)

"'An appellate court will not disturb the juvenile court's broad discretion over probation conditions absent an abuse of discretion.'" (*In re R.V.*, *supra*, 171 Cal.App.4th at p. 246.) Broad discretion is vested in the juvenile court so that it "may serve its rehabilitative function and further the legislative policies of the juvenile court system.'" (*Ibid*.) Consequently, "'"[a] condition of probation which is [legally] impermissible for an adult criminal defendant is not necessarily unreasonable for a juvenile receiving guidance and supervision from the juvenile court."'" (*Ibid*.)

A.B. contends a restriction on travel to other schools is invalid because he did not commit the offense at school. He claims without a school connection the probation condition must be stricken. The People concede the incident did not occur on school grounds. But they note there is a connection between this incident and school. A.B. and his school aged friends were loitering on private property after school. His counsel conceded this took place a "couple [of] blocks from school." A.B. has not shown

3

why the trial court could not reasonably infer the underlying cause of this incident involved children loitering on their way home from school.

But "'even if a condition of probation has no relationship to the crime of which a defendant was convicted and involves conduct that is not itself criminal, the condition is valid as long as the condition is reasonably related to preventing future criminality.'" (*In re T.C.* (2009) 173 Cal.App.4th 837, 846.) "'In deciding what conditions to place on a juvenile probationer, ""the juvenile court must consider not only the circumstances of the crime, but also the minor's entire social history. . . ."'"'" (*In re Francisco S.* (2000) 85 Cal.App.4th 946, 953.) Consequently, school travel restrictions are proper probation conditions for juveniles even for non-school related offenses. (*In re D.G.* (2010) 187 Cal.App.4th 47, 53-54, 56-57.) They assist in the minor's rehabilitation by avoiding places likely to lead them into trouble. The authority to restrict the juvenile's contact with others is broader than probation conditions for adults because it involves the juvenile court's comprehensive duty to protect the minor. (*In re Spencer S.*(2009) 176 Cal.App.4th 1315, 1330.)

*The Constitutional Right to Travel*

A.B. contends a condition restricting his right to visit other schools violates his constitutional right to travel and is consequently void. We disagree.

There is a constitutional right to travel. (*Tobe v. City of Santa Ana* (1995) 9 Cal.4th 1069, 1096-1097; *In re White* (1979) 97 Cal.App.3d 141, 148.) "[T]he right to intrastate travel (which includes intramunicipal travel) is a basic human right protected by the United States and California Constitutions as a whole." (*White*, at p. 148.) "Many other fundamental rights such as free speech, free assembly, and free association are often tied in with the right to travel." (*Id.* at p. 149.) "Freedom of movement is basic in our scheme of values." (*Ibid.*)

But "the right of free movement is not absolute and may be reasonably restricted in the public interest." (*In re White*, *supra*, 97 Cal.App.3d at p. 149.) That is particularly the case with probation conditions for minors. "'[J]uveniles are deemed to be more in need of guidance and supervision than adults, and their constitutional rights are

4

more circumscribed.'" (*In re R.V.*, *supra*, 171 Cal.App.4th at p. 248.) A conflict between the constitutional right and a probation condition does not automatically invalidate the condition in the juvenile court context. "'[T]he juvenile court may impose probation conditions that infringe on constitutional rights if the conditions are tailored to meet the needs of the minor.'" (*Ibid.*)

A.B. assumes he has an unfettered *right* to travel to other schools. But state law substantially restricts the ability of all outsiders to visit school campuses. Penal Code section 627.2 provides, in relevant part, "No outsider shall enter or remain on school grounds during school hours without having registered with the principal or designee, except to proceed expeditiously to the office of the principal or designee for the purpose of registering." California has a strong policy of "restricted access to California school grounds." (*In re Joseph F.* (2000) 85 Cal.App.4th 975, 985.) Consequently, the right of travel must be balanced against the state interest to maintain a safe environment for school children and to protect school campuses from outsiders and disruption. (*New Jersey v. T.L.O.* (1985) 469 U.S. 325, 340-342; *Reeves v. Rocklin Unified School Dist.* (2003) 109 Cal.App.4th 652, 654, 662-663; *Joseph F.*, at pp. 984-985.)

There is a potential for serious problems where juvenile court wards loiter near schools they do not attend without adult supervision. Consequently, juvenile courts properly impose probation conditions restricting the minor's right to travel to schools he or she does not attend. (*In re D.G.*, *supra*, 187 Cal.App.4th at p. 57.) In such cases the constitutional right must yield to conditions properly "'tailored to meet the needs of the minor.'" (*In re R.V.*, *supra*, 171 Cal.App.4th at p. 248.) Here there is a substantial relationship between A.B's loitering with school age friends, the after school incident, and the need for a restriction to prevent future incidents. The trial court did not err by deciding to impose a restriction that limits his access to other schools. (*D.G.*, at p. 57.)

*Modification of Condition No. 12*

A.B. contends the restriction that he not be "*within one block of any school ground*" subjects him to the risk of an unintentional probation violation. He argues that "[he] can inadvertently violate the condition without knowing he is within one block of a

5

school." He claims "the condition could be accidentally violated should A.B.'s ordinary travels take him to a location within a block of any school campus." These claims have merit.

Probation conditions that are too broad must be narrowed so that necessary travel is not unduly restricted. (*In re White*, *supra*, 97 Cal.App.3d at p. 147.) Overly broad or vague conditions do not give probationers specific notice of the type of conduct that is prohibited. (*People v. Barajas* (2011) 198 Cal.App.4th 748, 753, 761.) The risk of an unintentional probation violation is present where: 1) "perfectly legal activities" fall within a vague or overly broad condition (*White*, at p. 147; see also *Barajas*, at pp. 753, 761), or 2) where a condition imposes a geographic area restricted zone that unreasonably bars access to public places. (*People v. Perez* (2009) 176 Cal.App.4th 380, 385.)

Other than the term "one block," condition No. 12 does not contain a limitation on the distance barrier between A.B. and any school. Blocks may vary in dimensions from hundreds to thousands of feet in length. In unincorporated or rural areas blocks are often larger. Many city streets and freeways cross within a block of many public and private schools. Some school grounds are connected to parks and other areas which are open to the general public.

Given the language the trial court used, the potential for an inadvertent probation violation is present. In *In re E.O.* (2010) 188 Cal.App.4th 1149, 1155, the court discussed a condition prohibiting the minor from "being near a building in which gang-related proceedings are known to be underway." In discussing the invalidity and vagueness of the restriction, it noted that "appellant could violate the condition if a car or bus in which he is a passenger *passes by* such a building." (*Ibid.*) Here, as in *In re E.O.*, A.B. could violate the condition by being in a car or bus that passes within a block of any school ground. A.B. asks, "If he is riding on a bus and sees a 'school zone' sign, must he immediately alert the bus driver and exit the bus?"

6

The People suggest that the minor need only arm himself with maps and plan a daily route to avoid inadvertently crossing the prohibited one block no entry zone. This proposal would challenge the cartography skills of the Thomas Brothers.

In *In re D.G.*, *supra*, 187 Cal.App.4th 47, the minor committed a burglary at a private residence and the juvenile court imposed probation conditions. The Court of Appeal invalidated a condition that restricted the minor from coming within 150 feet of any school campus other than the school he was attending. In discussing the unreasonable nature of the school zone restriction, the court said, "It is not illegal for persons to pass within 150 feet of school grounds . . . ." (*Id*. at p. 53.) "[T]here are many legitimate reasons, other than enrollment, for appellant to come within 150 feet of school grounds. As examples, he might pass by a school on the street while traveling somewhere else, have friends or family living within the 150-foot zone, or want to shop within the zone." (*Id*. at p. 54.)

The court nevertheless ruled that a reasonable school restriction was appropriate as a probation condition even though the incident did not take place on school grounds. It concluded that the condition was consistent with both the needs of the juvenile and California public policy. It said, "A probation condition generally consistent with Penal Code section 627.2 would ensure that he does not frequent school grounds without the knowledge of the relevant authorities and, presumably, without having a good reason for his presence." (*In re D.G.*, *supra*, 187 Cal.App.4th at p. 56.) It concluded "such a condition would be justifiable under [*People v. Lent* (1975) 15 Cal.3d 481] as proscribing otherwise criminal conduct . . . ." (*D.G.*, at p. 56.) The court consequently modified the probation condition to read, "'*Do not enter on the campus or grounds of any school unless enrolled, accompanied by a parent or guardian or responsible adult, or authorized by the permission of school authorities*.'" (Italics added.) (*Id*. at p. 57.) This modification eliminated the problems the court had identified with the 150-foot restriction.

The problems identified in *In re D.G.* are also present here, but more aggravated, because "a one block" zone may be of varying dimensions and may often

exceed 150 feet.  Applying condition No. 12's one-block zone would prevent A.B. from visiting popular public venues such as Exposition Park, the Natural History Museum, the California Science Center, the IMAX theatre, the Endeavor Space Shuttle exhibit, the Los Angeles Memorial Coliseum, the African-American Museum, the Los Angeles Expo Center, the Olympic Swim Stadium, Pauley Pavilion, the Galen Center.  "[B]road and unnecessary exclusions from either government centers that invite public participation or public places that contain parks and other public forums touch upon other constitutionally protected interests."  (*People v. Perez*, *supra*, 176 Cal.App.4th at p. 385.)  They "contravene the First Amendment."  (*Ibid.*)  Condition No. 12 must be consistent with the condition in *In re D.G.*.  We need not decide whether one-block zone restrictions are appropriate for dangerous felons because A.B. does not fall within that category.

Disposition

We modify probation condition No. 12 to read, "Do not enter on the campus or grounds of any school unless enrolled, accompanied by a parent or guardian or responsible adult, or authorized by the permission of school authorities."  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:


YEGAN, J.



PERREN, J.


8

Fred J. Fujioka, Judge

Superior Court County of Los Angeles

_____

Gerald Peters, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, Shawn McGahey Webb, Deputy Attorney General, for Plaintiff and Respondent.