Filed 6/30/14  In re Bryce C. CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re BRYCE C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BRYCE C.,<br><br>    Defendant and Appellant. | A139886<br><br>(Contra Costa County<br>Super. Ct. No. J1200210) |

In this Welfare and Institutions Code section 602[1] proceeding, 16-year-old Bryce C. pleaded no contest to one count of carrying a loaded, unregistered firearm.  The juvenile court ordered him to complete a nine-month program at the Orin Allen Youth Rehabilitation Facility (OAYRF), followed by 90 days of conditional release/parole.  In connection with that disposition, the court also imposed various probation conditions.

On appeal from the dispositional order, Bryce challenges five of the probation conditions.  Certain of his challenges have merit, and we modify the conditions accordingly.

Bryce also contends the juvenile court erred in failing to declare whether his offense was a felony or a misdemeanor.  As the People concede, this contention is well

---

[1] All undesignated statutory references are to the Welfare and Institutions Code.

1

taken. We thus remand for the juvenile court to expressly declare whether Bryce's offense was a felony or misdemeanor.

In all other regards, we affirm the dispositional order.

## BACKGROUND

Bryce's involvement with the juvenile justice system began in February 2012, when the Contra Costa County District Attorney filed a section 602 petition alleging that then 14-year-old Bryce had committed two felonies: possession of a firearm in a school zone and possession of a firearm by a minor. A third count was later added— misdemeanor possession of a firearm by a minor—and Bryce admitted that count in exchange for dismissal of the felonies. He was adjudged a ward of the court and placed on juvenile electronic monitoring at his mother's home with standard conditions of probation. After multiple probation violations, however, Bryce was committed to OAYRF for six months.

Bryce graduated from OAYRF in March 2013 and returned to his mother's home. Two weeks later, however, he ran away. A notice of probation violation was filed, and a warrant issued for his arrest.

Bryce's whereabouts remained unknown until the evening of August 31, 2013, when two Pittsburg police officers were patrolling a neighborhood known to be a Norteño hangout. Several individuals, including Bryce, were standing in front of an apartment building. When the officers parked their car, Bryce and a companion walked into the apartment. As the officers approached, Bryce fled out the back door of the apartment. He was apprehended following a pursuit. As the officers were restraining Bryce, he announced that he had a gun. A loaded .38 caliber revolver was found in his pocket.

In a subsequent police interview, Bryce claimed he fled because he had an outstanding warrant. He also said he told the officers he was carrying a gun because he did not want to be shot. According to Bryce, he had had the gun for a few weeks and had no intention of using it on the officers. He later told a probation officer that he was

carrying the gun for "protection from anyone" and that he would "shoot it in the air" "just to scare the person off."

On September 4, 2013, the district attorney filed a supplemental section 602 petition, charging Bryce with carrying a loaded firearm not registered to him and possession of a firearm by a minor (both felonies) and resisting a police officer (a misdemeanor).

At a hearing two days later, Bryce pleaded no contest to the charge of carrying a loaded, unregistered firearm, and the remaining counts and probation violations were dismissed.

In a September 18, 2013, probation report, the probation department recommended a nine-month program at OAYRF, followed by a 90-day conditional release/parole period. It also recommended the imposition of standard conditions of probation, as well as gang conditions. It had this to say about Bryce's gang involvement: "[T]he minor denied any gang association or affiliation of his own. The minor added that some of his friends are on probation and one, Juan B., is currently at the Orin Allen Youth Rehabilitation Facility. Notably, Juan B. previously claimed membership to 'FOE' upon his intake to Juvenile Hall. The minor has multiple tattoos, one on each forearm, which spell out 'Block Boy.' When asked about the meaning of these two tattoos, the minor declined to talk about them. Tattooed across the minor's chest are the words 'Revenge is a Promise.' Additionally, tattooed across the minor's knees are the letters 'HUD' and 'SON' spelling out 'HUDSON' when both knees are together. The minor has another tattoo on his stomach that spells 'HUDSON.' Also tattooed on the minor's right arm is 'MOB,' '925,' and '3400,' On the minor's left arm are tattoos of the words 'Life', 'FOE', and 'Block.' When the minor's two arms are laid out next to each other, the tattoos across his arms read 'MOB Life,' '925 FOE,' and '3400 Block.' The Probation Department and local law enforcement believe 'FOE' is an acronym for the gang 'Family Over Everything' based in the Hudson Court area of Antioch, CA, who affiliate themselves with Norteños. The minor's tattoos are consistent with what Probation personnel and law enforcement personnel have seen 'tagged' throughout

Antioch, specifically '3400 Block' and 'HUDSON.' The arresting officers also noted in their report that the minor was loitering in a known Norteño gang location."

A disposition hearing was held on September 18. Over Bryce's objection, the court ordered him committed to OAYRF for nine months, and adopted certain probation conditions, including gang conditions as stated on the record, some of which will be discussed in detail below.

Bryce filed a timely appeal.

## DISCUSSION

### Probation Conditions

### 1. General Legal Principles

Courts have broad discretion to impose probation conditions that foster rehabilitation and protect public safety. (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1152.) The juvenile court may impose "any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." (§ 730, subd. (b); *In re Sheena K.* (2007) 40 Cal.4th 875, 889 (*Sheena K.*).) Conditions that restrict a probationer's exercise of constitutional rights are permissible if " ' "necessary to serve the dual purpose of rehabilitation and public safety." ' " (*People v. Peck* (1996) 52 Cal.App.4th 351, 362; see also *Sheena K.,* 40 Cal.4th at p. 890; *People v. Jungers* (2005) 127 Cal.App.4th 698, 703.) " '[A] condition of probation that would be unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court.' " (*Sheena K., supra,* 40 Cal.4th at p. 889.)

Probation conditions imposed on a minor may nevertheless be void for vagueness or overbreadth. (See *Sheena K., supra,* 40 Cal.4th at pp. 890–891.) The vagueness doctrine is premised on the due process concept of adequate notice. (*People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1115; accord, *Sheena K., supra,* 40 Cal.4th at p. 890.) A violation of due process occurs when a statute " 'either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application[.]' " (*People ex rel. Gallo v. Acuna,*

4

*supra,* 14 Cal.4th at p. 1115.)  Thus, to withstand a vagueness challenge, a probation condition " 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated[.]' " (*Sheena K., supra,* 40 Cal.4th at p. 890.)  Likewise, "[a] probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*Ibid.*)

If a pure question of law is presented, constitutional challenges to a probation condition may be made for the first time on appeal.  (*Sheena K., supra,* 40 Cal.4th at p. 889.)  We review such constitutional questions de novo.  (*In re J.H.* (2007) 158 Cal.App.4th 174, 183.)

## 2.    **Display of Gang Paraphernalia**

The court imposed the following condition prohibiting the display of gang paraphernalia:  "You're not to wear, display, or use or possess any articles of clothing, badges, buttons, caps, hats, jackets, shoes, flags, scarves, bandannas, shirts, belts or music, which identify with or promote or have proof of evidence of any gang affiliation. That is to say any insignias, emblems, colors, numbers, monikers, patterns or brands, including the Family Over Everything, FOE, gang.  You're notified that this includes but is not limited to the following symbols and colors:  FOE, HC, 211 Crew, FOE Bitches, 3400 Block, FOE the team, Nova, and the colors red and black."

Bryce objects that the condition is unconstitutional because it lacks a requirement that he know the item has a gang connotation.  While they do not believe it necessary, the People do not object to modifying the condition to include a knowledge requirement.  We agree with Bryce that the condition is vague in the absence of a knowledge requirement. (See *People v. Leon* (2010) 181 Cal.App.4th 943, 950–951 [modifying condition

prohibiting displaying gang insignia to include a knowledge requirement]; *People v. Lopez* (1998) 66 Cal.App.4th 615, 629 [same].)[2]

The condition is thus modified to read: "You're not to wear, display, or use or possess any articles of clothing, badges, buttons, caps, hats, jackets, shoes, flags, scarves, bandannas, shirts, belts or music, that you know or your probation officer has informed you, identify with or promote or have proof of evidence of any gang affiliation. That is to say any insignias, emblems, colors, numbers, monikers, patterns or brands, including the Family Over Everything, FOE, gang. You're notified that this includes but is not limited to the following symbols and colors: FOE, HC, 211 Crew, FOE Bitches, 3400 Block, FOE the team, Nova, and the colors red and black."

### 3. Electronic Transmission of Gang Indicia

The court imposed the following condition prohibiting the electronic transmission of gang indicia: "You shall not use, possess or post on any social media networking site or transmit via any electronic means, including a cellular telephone, whether it's yours or someone else's, any graffiti, pictures, drawings, lyrics, hand signs or other items which are evidence of any gang affiliation, including FOE, Family Over Everything gang. You shall not display any gang signs or gestures, including hand signs of any gang, including the FOE, Family Over Everything gang."

Bryce challenges the condition on the grounds that it lacks a necessary requirement that he know the image is gang-related and that it infringes on his First Amendment right to freedom of expression and association. He also argues that "[a]s written, the condition could 'ensnare [him] in a claimed probation violation even if he

---

[2] That being said, we note the Third District recently "g[a]ve notice of [its] intent to henceforth no longer entertain" the issue of whether modification of a probation condition to include a knowledge requirement was necessary, because "a probationer cannot be punished for presence, possession, association, or other actions absent proof of scienter." It declared that it would "construe every probation condition proscribing a probationer's presence, possession, association, or similar action to require the action be undertaken knowingly. It will no longer be necessary to seek a modification of a probation order that fails to expressly include such a scienter requirement." (*People v. Patel* (2011) 196 Cal.App.4th 956, 960–961.)

6

were engaged in completely innocent use of [an electronic communication device] for scholarly or job-related purposes, or even if he were supervised by an adult during such use.' [Citation.] For example, the condition precludes Bryce from using a photo of graffiti vandalism to illustrate the adverse impact of property damage and neighborhood blight, attaching it as an exhibit to his court-ordered essay about the problems associated with gang activity, and emailing it to his probation officer." To remedy these claimed defects, Bryce proposes the following modification: "You shall not use or post on any social media networking site or transmit to any person you know is a gang member, or gang rival, or a victim of gang activity, via any electronic means, including any cellular telephone, any graffiti, pictures, drawings, lyrics, hand signs or symbols that you know to be, or the probation officer informs you to be, gang-related."

The People do not object to modifying the condition to include a knowledge requirement, and we agree such a modification is appropriate. They disagree, however, that the condition impermissibly infringes on Bryce's right to freedom of expression and association. They therefore oppose his attempt to limit it to transmissions "to any person you know is a gang member, or gang rival, or a victim of gang activity." This modification, they argue, would "allow [him] to freely send gang-related materials to other minors who might be intimidated by it but are not 'gang victims' or gang members, or to minors who are not gang members in order to promote the gang."

As noted above, a probation condition may limit a minor's constitutional rights provided it is narrowly drawn to serve the purposes of rehabilitation and public safety and is closely tailored to meet the juvenile's needs. (*Sheena K., supra,* 40 Cal.4th at p. 890; *In re Tyrell J.* (1994) 8 Cal.4th 68, 81–82, overruled on other grounds by *In re Jaime P.* (2006) 40 Cal.4th 128, 139; *In re Babak S.* (1993) 18 Cal.App.4th 1077, 1084.) While Bryce denied gang membership—a denial of questionable veracity—there can be no dispute that he was deeply ensconced in the gang culture. For example, he had extensive tattoos that reflected affiliation with, if not membership in, the Family Over Everything gang, and he was arrested in a neighborhood that was a known Norteño hangout. The court clearly intended that Bryce avoid *all* gang associations in furtherance of his

7

reformation and rehabilitation. We think it reasonable to extend the restriction on displaying or transmitting gang-related images to all individuals, rather than just those known to Bryce to be a gang member, gang rival, or victim of gang violence. Such a restriction prohibits Bryce from sending gang-related materials to other individuals in an attempt to intimidate them or to promote the FOE gang.

As to Bryce's additional concern that the condition as phrased would bar him from using the prohibited materials for educational purposes, the People suggest that he seek approval from his probation officer in such a circumstance. Alternatively, they propose the condition be modified to add, "unless for use as part of a court ordered or school-related educational paper, or other research or education purposes approved by the probation officer." Bryce is rightly concerned that the condition as phrased prohibits the transmission of gang indicia for legitimate purposes. We thus adopt the People's suggestion that the condition be modified to specify an exception for "use as part of a court ordered or school-related educational paper, or other research or education purposes approved by the probation officer."

In sum, the condition is modified to read: "You shall not use, possess, display, or post on any social media networking site or transmit via any electronic means, including a cellular telephone, whether it's yours or someone else's, any graffiti, pictures, drawings, lyrics, symbols, hand signs or gestures, or other items that you know to be, or the probation officer informs you to be, affiliated with any gang, including FOE, Family Over Everything gang, unless for use as part of a court-ordered or school-related educational paper, or other research of educational purposes approved by the probation officer."

### 4. Court Presence When FOE or Rival Gang Members Are Involved

The court imposed the following condition regarding Bryce's presence at a courthouse when gang-related cases are being heard: "You shall not be present at a courtroom, court lobby or a court entrance when any case related to FOE gang activity, or involving any FOE gang member associate, or a rival of the FOE known to you to be a rival, is being conducted, unless you are a party to the proceedings being conducted at

8

that time . . . at the facility, if you're a subpoenaed witness in a proceeding, or if you have permission from your probation officer to attend or observe the proceedings, or if you are attending your own proceedings."

Bryce again challenges the condition because it lacks a knowledge requirement, the addition of which the People do not oppose. But he also contends that the condition is unconstitutionally overbroad because it bans his presence from a court entrance or lobby, in addition to a courtroom. This, he argues, would prevent him "from passing through the main court lobby or general court entrance to file a document or pay a fine while a case involving a rival gang member was being conducted." But the condition was narrowly tailed to prohibit Bryce's presence at the courthouse only when there is a hearing on a case relating to the FOE gang or a rival gang, a reasonable restriction that will limit his ability to participate in any display of rivalry or show of support for FOE. He is otherwise free to be at a courthouse. If he needs to file a document or pay a fine at a time that he is prohibited from being at the courthouse, he may do so through an alternative means, such as mailing it, having someone do it for him, or seek an exception from his probation officer.

The two cases Bryce cites in urging a contrary result—*People v. Perez* (2009) 176 Cal.App.4th 380, 385 (*Perez*), and *In re E.O., supra,* 188 Cal.App.4th at p. 1155— are unavailing. *Perez, supra,* 176 Cal.App.4th 380, involved an adult probationer. That alone distinguishes it from the present case, as "a condition of probation that would be unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court." (*In re Tyrell J., supra,* 8 Cal.4th at p. 81.) Beyond that, the probation condition was very different from that here. In *Perez*, the court imposed a sweeping ban that prohibited defendant, who had pleaded guilty to second degree robbery, from attending any court hearing or being "within 500 feet of any Court in which the defendant is neither a defendant nor under subpoena." (*Perez, supra,* 176 Cal.App.4th at p. 383.) The Court of Appeal agreed the condition unnecessarily restricted defendant's right to access the courts and government offices, particularly because there was no suggestion defendant had loitered on courthouse property or

threatened witnesses, or that his presence in a courthouse would incite violence. (*Id.* at pp. 384-385.) Here, however, the probation condition at issue was not a blanket prohibition on Bryce's presence at or around a courthouse. Rather, his presence is prohibited only in the entrance, lobby, and courtroom when he knows there is a proceeding involving a member of FOE or a rival gang.

In re E.O., supra, 188 Cal.App.4th 1149, is similarly unpersuasive. There, the juvenile court placed the minor on probation after sustaining an allegation that he had been in possession of a knife on school grounds. The minor had a prior sustained petition for painting gang-related graffiti on school property. As a condition of his probation, the court ordered that the minor "not knowingly come within 25 feet of a Courthouse when the minor knows there are criminal or juvenile proceedings occurring which involves [*sic*] anyone the minor knows to be a gang member or where the minor knows a witness or victim of gang-related activity will be present, unless the minor is a party in the action or subpoenaed as a witness or needs access to the area for a legitimate purpose or has prior permission from his Probation Officer." (*Id.* at pp. 1151–1152.) The Court of Appeal agreed with the minor that the condition was overbroad because, as in *Perez, supra,* 176 Cal.App.4th at p. 384, "there was no evidence that [the minor] had 'loitered on courthouse property, that he had threatened or would threaten witnesses, or that his presence in a courthouse would incite violence.' " (*In re E.O., supra,* 188 Cal.App.4th at p. 1157.) The court thus struck the condition. (*Id.* at p. 1158.)

Here, the probation condition in dispute was much more narrowly tailored than that in *In re E.O.* Significantly, it did not contain a distance restriction, nor did it restrict Bryce from any external areas surrounding a courthouse. Rather, it was limited to certain common areas—the entrance and lobby—and courtrooms, and then only when Bryce knew a certain gang proceeding was being held. Additionally, while the minor in *In re E.O., supra,* 188 Cal.App.4th 1149, had one incident of gang-related graffiti in his history, Bryce had a much more significant gang history, evidenced by his numerous gang-related tattoos and his arrest in Norteño territory. There was thus a more

10

compelling reason to restrict Bryce's presence in a courthouse common area or courtroom when FOE or rival gang members were present for a hearing.

In sum, we modify the courthouse presence probation condition to include a knowledge requirement while retaining the lobby and entrance restrictions, as follows: "You shall not be present at a courtroom, court lobby or a court entrance when you know or are informed by the probation officer that a case related to FOE gang activity, or involving any FOE gang member associate, or a rival of the FOE known to you to be a rival, is being conducted, unless you are a party to the proceedings being conducted at that time at the facility, if you're a subpoenaed witness in a proceeding, or if you have permission from your probation officer to attend or observe the proceedings, or if you are attending your own proceedings."

### 5. Possession of Drugs, Alcohol, and Weapons

Finally, the juvenile court imposed two conditions regarding possession of drugs, alcohol, and weapons, both of which Bryce contends are vague because they lack a knowledge requirement. The People do not object to the addition of this requirement.

The terms are thus modified as follows:

"You're not to knowingly use or possess any illegal drugs, drug paraphernalia, alcohol and/or prescription drugs for which you do not have a current or valid prescription issued by a duly licensed physician."

"You are not to knowingly use or possess any weapons or implements for writing graffiti."

### The Juvenile Court Failed To Declare Bryce's Offense to Be a Misdemeanor or a Felony

In his final argument, Bryce contends the juvenile court failed to declare his offense a felony or misdemeanor, requiring remand for this purpose. The People agree, as do we.

Bryce pleaded no contest to a violation of Penal Code section 25850, subdivision (a)—carrying a loaded firearm. Where, as here, the violation is committed by someone other than the registered owner of the firearm, the offense is punishable as

11

either a misdemeanor or a felony. (Pen. Code, §§ 17, 25850, subd. (c)(6).) Section 702 requires the juvenile court to declare the degree of the offense where a minor commits an offense that would be, in the case of an adult, punishable as either a felony or a misdemeanor. (See also Cal. Rules of Court, rule 5.778(f)(9) ["If any offense may be found to be either a felony or misdemeanor, the court must consider which description applies and expressly declare on the record that it has made such consideration and must state its determination as to whether the offense is a misdemeanor or a felony."].)

Here, the district attorney charged the offense as a felony, Bryce pleaded no contest to the offense as a felony, and the probation report identified it as a felony. And at the disposition hearing, the court stated, "This matter is before the court for a disposition on a felony charge of violating Penal Code section 25850(a), felony, carrying a loaded firearm, non-registered owner possessing a firearm and ammunition." While it thus seems clear that all involved, including the juvenile court, understood the offense to be a felony, the court was required to make an "explicit declaration" of the degree of the offense. (*In re Manzy W.* (1997) 14 Cal.4th 1199, 1204.) The matter must be remanded for it to do so.

### DISPOSITION

The probation conditions as modified above are affirmed. The matter is remanded for the juvenile court to make an express declaration of whether the offense is a misdemeanor or felony. In all other regards, the dispositional order is affirmed.

_____
Richman, J.

We concur:

_____
Kline, P.J.

_____
Brick, J.[*]
_____

[*] Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

12