Filed 2/19/15  P. v. Chamu CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D065710 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE331920) |
| JONATHAN CHAMU, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Daniel B. Goldstein, Judge.  Affirmed as modified.

Jason L. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Tami Falkenstein Hennick, Deputy Attorneys General, for Plaintiff and Respondent.

Jonathan Chamu was convicted of aggravated assault with a true finding on a gang enhancement.  On appeal, he argues that four of his probation conditions are

unconstitutionally vague or overbroad. We modify two of the conditions, and as so modified, affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

On May 5, 2013, a group of males, including defendant, chased after and assaulted another male (Noe) while incarcerated at a juvenile detention facility. Defendant and two other males (Oscar and Sebastian) started chasing Noe as he was walking near the exercise area. A correctional officer ordered them to "drop" and "cover" but they continued chasing Noe. A fourth male (Luis) joined the chase from a different direction. Luis caught up to Noe and grabbed him, and Noe went to the ground. The four assailants repeatedly punched and kicked Noe until the correctional officers intervened with pepper spray and subdued them.

A prosecution gang expert testified that the four assailants, including defendant, were members of the Diablos gang, and the victim was a member of a rival gang. The expert opined the assault was for the benefit of the Diablos gang because attacking a rival gang member in concert, even in a custodial setting, shows the gang's strength, increases its status, and protects the gang from being targeted by other rivals.

Defendant was convicted of assault by means of force likely to produce great bodily injury, with a true finding that the offense was committed for the benefit of a gang. The court placed him on three years' formal probation and ordered that he serve 132 days in custody.

DISCUSSION

I. *General Principles Governing Probation Conditions*

A trial court has broad discretion to select probation conditions that foster rehabilitation and protect public safety.  (*People v. Leon* (2010) 181 Cal.App.4th 943, 948.)  A condition that forbids conduct that is not itself criminal must be reasonably related to the defendant's crime or to preventing future criminality.  (*People v. Perez* (2009) 176 Cal.App.4th 380, 383.)  To avoid unconstitutional overbreadth, a probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition.  (*Leon, supra*, at pp. 948-949.)

To avoid unconstitutional vagueness, the condition should be sufficiently precise for the probationer to know what is required and for the court to determine whether the condition has been violated.  (*People v. Leon, supra*, 181 Cal.App.4th at p. 949.)  The condition should be specific enough so that ordinary people can understand what conduct is prohibited.  (*In re Byron B.* (2004) 119 Cal.App.4th 1013, 1018.)  "A probation condition should be given 'the meaning that would appear to a reasonable, objective reader.'"  (*People v. Olguin* (2008) 45 Cal.4th 375, 382.)  The probation condition should be evaluated in its context, and only reasonable specificity is required.  (*People v. Lopez* (1998) 66 Cal.App.4th 615, 630.)

On appeal, we independently review questions of unconstitutional overbreadth or vagueness.  (*People v. Martinez* (2014) 226 Cal.App.4th 759, 765.)

3

## II. *Analysis*

The four conditions challenged by defendant are included in a standardized probation form under a category entitled "gang conditions." (Capitalization omitted.) We consider each condition in turn.

*Condition 12. a.: Restriction on Appearing at Courthouse*

Condition 12. a. states: "Do not appear in court or at the courthouse unless you are a party or witness in the proceedings."

Defendant argues this condition is overbroad because it restricts his constitutional right to access to the courts; it contains no language narrowing its application to gang-related proceedings; and it does not set forth exceptions for access to the courts for lawful purposes apart from being a party or a witness. The Attorney General concedes the condition should be modified, and we agree.

This probation condition is designed to prevent gang members from intimidating witnesses at gang-related proceedings. (*People v. Martinez, supra*, 226 Cal.App.4th at p. 767.) Several appellate courts have found similar courthouse restrictions overbroad because they did not confine the restriction to cases that involve gang intimidation concerns, and they did not permit access to the courts under legitimate circumstances other than being a party or witness. (*Id.* at pp. 765-768; *People v. Leon, supra*, 181 Cal.App.4th at pp. 952-954; *People v. Perez, supra*, 176 Cal.App.4th at pp. 383-386.) We likewise find the condition here overbroad.

Defendant requests that we strike the condition instead of modifying it, contending his other probation conditions adequately prohibit him from intimidating persons at court

4

proceedings. In support, he cites conditions prohibiting him from threatening another person and requiring him to obey all laws (which would include the offense of witness intimidation defined in Penal Code section 136.1), and gang-related conditions prohibiting him from associating with gang members, exhibiting gang signs, and displaying or possessing gang-related items.

The trial court could reasonably determine that notwithstanding these other probation conditions, a condition specifically targeting gang intimidation at a courthouse is warranted given the acute problem of witness intimidation that impedes prosecution of gang-related crimes. Accordingly, we decline to strike the condition, but modify it to narrow it to gang-related proceedings, as follows: "Do not be present at any court proceeding or courthouse when you know there are proceedings involving either criminal street gang charges or a person associated with a criminal street gang as a member or witness, unless you are a party, defendant, or witness in a proceeding or have permission from the probation department." (See *People v. Leon, supra*, 181 Cal.App.4th at p. 954; *People v. Martinez, supra*, 226 Cal.App.4th at pp. 767-768; *In re E.O.* (2010) 188 Cal.App.4th 1149, 1157, fn. 5.) Under this modification, in the event defendant has a legitimate purpose to be at a courthouse while a gang-related proceeding is occurring even though he is not a party or witness, he may request and obtain permission from the probation department. (See *People v. Leon, supra*, 181 Cal.App.4th at pp. 953-954 [probation officer may be given discretion to implement terms of probation, although this discretion should not be "unfettered" or " 'entirely open-ended' "]; *People v. Pirali* (2013)

5

217 Cal.App.4th 1341, 1350 [restricting access to Internet was not overbroad because Internet could be used upon approval of probation officer].)

*Condition 12. f.: Restriction on Possessing Weapons*

Condition 12. f. states:  "Do not knowingly own, transport, sell, or possess any weapon, firearm, replica firearm or weapon, ammunition, or any instrument used as a weapon."

Claiming unconstitutional vagueness and overbreadth, defendant asserts (1) the term "replica" is vague, (2) the phrase "any instrument used as a weapon" is vague, and (3) the condition is overbroad because it lacks an exception for temporary possession in lawful self-defense.

*Replica*

To support his claim that the word replica is vague, defendant cites two dictionary definitions, stating that replica is defined (1) in the Collins English dictionary as " 'an exact copy or reproduction, especially on a smaller scale,' " and (2) in the Merriam-Webster dictionary as " 'an exact or very close copy of something.' "  He posits that the former encompasses small objects shaped like weapons including paperweights or plastic swords, whereas the latter is limited to "objects faithfully reproduced on a full scale."  He contends the condition is designed to encompass objects that a victim might mistakenly think are real weapons, and that instead of the term "replica" the condition should state any " 'instrument or device which a reasonable person would believe to be capable of being used as a firearm or weapon.' "

6

This claim of constitutional vagueness is unavailing. The probation condition prohibits weapon possession, and in this context reasonable persons would understand that a replica simply means something that looks like a weapon. No reasonable person would construe the condition as applying to a small-scale model that did not look anything like a real weapon, regardless of a reference to " 'smaller scale' " in a dictionary.

*Any Instrument Used as a Weapon*

Defendant argues the phrase "any instrument used as a weapon" is vague because the term "used" could mean an instrument defendant intends to use as a weapon, or any instrument that is *sometimes capable of being used as a weapon*. He posits that the latter interpretation would "prohibit the possession of such a wide array of objects that compliance would be impossible," citing for example, his possession of a bat on the way to baseball practice. Defendant requests the condition be modified to state " 'any instrument used by the probationer as a weapon.' " (Italics omitted.)

Again, because this condition is clearly directed at prohibiting weapon possession, when read in context, reasonable persons would understand that "any instrument used as a weapon" refers to an item that is being used, or intended to be used, as a weapon, not any object that might conceivably be used as a weapon but with no circumstances suggesting such use was intended. (See *In re R.P.* (2009) 176 Cal.App.4th 562, 569-570.) Consistent with this, the phrase "used as a weapon" on its face excludes items that are merely capable of being used as a weapon but are not actually being used as such. Further, because the condition requires defendant to have knowledge that the instrument is used as a weapon, defendant will not be subjected to a probation violation unless he

7

knows the instrument was intended for use as a weapon (i.e., possession of a bat in the context of a group of gang members on the way to a confrontation, not on the way to baseball practice). There is no need for modification.

*Possession for Self-defense*

Defendant argues the condition prohibiting weapon possession is overbroad unless it is modified to include an exception for possession that " 'is justified because the firearm or weapon is used in accordance with the law of self-defense.' " Defendant recognizes that he should not be allowed to preemptively carry a weapon based on "vague concerns for his safety," but rather contends "should he find himself in a real emergency where his life is under immediate threat, he should not be prohibited from defending himself from that threat even where doing so requires the use of a weapon or an improvised weapon."

We reject this contention of constitutional overbreadth. When a defendant commits a violent crime, a strict condition precluding possession of weapons is extremely important to public safety. Given the importance of clearly communicating to defendant that he not possess any weapons, it is reasonable to exclude a reference to self-defense to ensure that he does not think he can carry a weapon in some circumstances in anticipation of the possible need for self-defense. We are satisfied that no reasonable law enforcement official or court will interpret the proscription on weapon possession to extend to a fleeting possession of a weapon in the event, for example, defendant is assaulted and he temporarily seizes an object to use as a weapon in self-defense. The omission of a reference to self-defense in the straightforward proscription against weapon possession does not rise to the level of constitutional overbreadth.

8

*Condition 12.g.: Restriction on Being in the Presence of Weapons*

Condition 12. g. states:  "Do not remain in any building, vehicle or in the presence of any person where you know a firearm, deadly weapon, or ammunition exists."

Defendant asserts this condition is overbroad because it prohibits him from being at any location where there are armed security personnel, including, for example, government buildings or political rallies.  He contends this condition improperly restricts his constitutional rights of association and to access the courts, and the condition should be modified to restrict his presence at locations where weapons are *illegally* present.  We agree.  Given the widespread presence of armed security personnel, the condition unduly restricts defendant's access to a broad array of locales that do not create a risk that he will engage in criminality, thus infringing on his constitutional liberty interests with no relationship to deterring criminal conduct.  Further, the probation condition appears to be designed to prohibit defendant from being in situations where he might be tempted to participate in criminal activity or gain access to weapons in the possession of others.  Such concerns are highly unlikely to arise in circumstances where the weapons are legitimately possessed.

The Attorney General's citation to *In re Victor L.* (2010) 182 Cal.App.4th 902 does not persuade us otherwise.  *Victor L.* added a scienter requirement to a similar weapons-presence restriction (*id.* at pp. 912-913), but did not address the issue of overbreadth based on application of the restriction when the weapons are lawfully possessed.

Accordingly, we modify the condition to state: "Do not remain in any building, vehicle or in the presence of any person where you know a firearm, deadly weapon, or ammunition illegally exists."

*Condition 12. i.  Restriction on Possession of Gang-Related Items*

Condition 12. i. states: "Do not knowingly wear, display, use, or possess any insignias, photographs, emblems, badges, buttons, caps, hats, jackets, shoes, flags, scarves, bandanas, shirts, or other articles of clothing evidencing affiliation with/membership in the Diablo gang."

Defendant argues this condition is unconstitutionally vague and overbroad because although it contains a scienter requirement for his *possession* of the items, it does not contain a scienter requirement for the fact that they are *gang-related*.  To the contrary, reasonable persons would interpret the restriction on defendant's knowing possession of items evidencing gang affiliation to mean he must both (1) know he has the items, and (2) know they are gang-related.  There is nothing in the language of the condition suggesting that defendant will have violated the condition if he knowingly possesses an item that he has no basis to know is gang-related.  The whole purpose of the condition is to prohibit his possession of gang-related materials, and clearly the knowledge requirement extends to this core purpose.  There is no need to modify the condition.

## DISPOSITION

We modify probation condition 12. a. to state: "Do not be present at any court proceeding or courthouse when you know there are proceedings involving either criminal street gang charges or a person associated with a criminal street gang as a member or

10

witness, unless you are a party, defendant, or witness in a proceeding or have permission from the probation department."

We modify probation condition 12. g. to state:  "Do not remain in any building, vehicle or in the presence of any person where you know a firearm, deadly weapon, or ammunition illegally exists."

The trial court is directed to forward a copy of the corrected conditions to the probation authorities.  As so modified, the judgment is affirmed.


HALLER, J.

WE CONCUR:


NARES, Acting P. J.


McINTYRE, J.

11