Filed 10/1/14  In re Christopher D. CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re CHRISTOPHER D., a Person Coming Under the Juvenile Court Law. | B248390<br><br>(Los Angeles County<br>Super. Ct. No. YJ37153) |
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER D.,<br><br>       Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Wayne C. Denton, Commissioner.  Affirmed as modified.

Bruce G. Finebaum, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette and Lance E. Winters, Assistant Attorneys General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Christopher D. (minor) appeals from the judgment of the juvenile court declaring him a ward of the court and placing him in the custody of the Probation Department under specified conditions. He requests a review of the juvenile court's in camera *Pitchess* hearing[1] and a correction of the court's minutes to reflect that certain gang allegations were dismissed. Minor also challenges one of his conditions of probation on the ground that it infringes on his constitutional right of travel. We order the correction of the minutes as requested, and upon review, find no error in the in camera proceedings. We reject defendant's constitutional challenge on the grounds stated, but modify the probation condition to add a knowledge requirement. We affirm the judgment as modified.

## BACKGROUND

On January 4, 2013, a petition was filed to bring minor within the jurisdiction of the juvenile court pursuant to Welfare and Institutions Code section 602 (first petition). Counts 1 and 2 of the first petition alleged that minor committed vandalism with graffiti damage under $400, in violation of section 594, subdivision (a); count 3 alleged dissuading a witness from reporting a crime, in violation of section 136.1, subdivision (b); and count 4 alleged that minor exhibited a firearm in violation of section 417, subdivision (a)(2). The first petition further alleged pursuant to section 186.22, subdivision (d), that minor committed each of the crimes for the benefit of, at the direction of, or in association with a criminal street gang.

On January 25, 2013, two additional petitions were filed (petition A and petition B) pursuant to Welfare and Institutions Code section 602. Petition A alleged two additional counts of vandalism with graffiti damage under $400 (counts 1 & 2), in violation of section 594, subdivision (a), and that minor committed the crimes for the benefit of, at the direction of, and in association with a criminal street gang, in violation of section 186.22, subdivision (d).

---

[1]    See *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*); Penal Code sections 832.7 and 832.8; Evidence Code sections 1043 through 1045. All further statutory references are to the Penal Code unless otherwise indicated.

Petition B alleged that minor carried a loaded firearm (count 1), in violation of section 25850, subdivision (a); that he unlawfully carried a concealed firearm (count 2), in violation of section 25400, subdivision (a)(2); that he was a minor in possession of a firearm (count 3), in violation of section 29610; and that he was a minor in possession of live ammunition (count 4), in violation of section 29650 (count 4). Petition B was orally modified to allege as to counts 1, 2, and 3, that the crimes were committed for the benefit of, at the direction of, and in association with a criminal street gang with the specific intent to promote, further, and assist in criminal conduct by gang members, within the meaning of section 186.22, subdivision (b)(1)(a).

On April 4, 2013, the juvenile court sustained Petition A, but found the gang allegations not true. The court declared the offenses to be misdemeanors, and declared minor a ward of the court. The same day, the juvenile court sustained counts 1 and 2 of the first petition, declared them to be felonies after finding the gang allegations true, and dismissed counts 3 and 4.

On April 9, 2013, the juvenile court sustained petition B, granted minor's motion to dismiss the gang allegations for insufficient evidence, declared counts 1, 2, and 3 to be felonies and count 4 to be a misdemeanor. The court placed minor in the care and custody of the Probation Department, ordered a three-month camp program, and imposed specified terms and conditions of probation.

Minor filed a timely notice of appeal.

**Prosecution evidence[2]**

The evidence presented regarding the first petition showed that minor approached Adam C. one morning in October 2012, as Adam was waiting for friends on his way to school. Minor asked Adam "where he was from," which Adam understood as asking his gang affiliation. When Adam denied being in a gang, minor raised his shirt and displayed a black handle in his waistband, and said "South Los." Minor then rode off on his orange bicycle to the other side of the street where he spray painted the property of

---

[2]     The juvenile court conducted three trials, first as to petition A, immediately followed by trial on the first petition and then on petition B.

Adam's neighbor with "SKL" which Adam knew to mean the "South Los" gang. Minor then returned to Adam's side of the street and similarly spray painted the property of another of Adam's neighbors.

Gang expert, Los Angeles County Sheriff's Detective Imelda Bottomley, testified regarding the "South Los 13" gang (South Los), a criminal street gang whose primary activities included vandalism, assaults, weapons possession, and attempted murder. She gave her opinion that minor was a member of that gang; and in response to hypothetical questions, she opined that an encounter such as minor's with Adam would be intended to cause fear of the gang in the community, and that such a gang challenge, as well as the graffiti or "tagging" engaged in by minor, would benefit the gang.

Regarding petition A, the evidence showed that in November 2012, a person matching minor's description was seen spray painting graffiti featuring the letters "SXL" and an arrow, and the letters "SL," and a crossed-out "JMK." Detective Bottomley explained the significance of such graffiti to the South Los gang.

As to petition B, Sheriff's Deputy Horacio Pool testified that while he was on patrol, he saw minor leaning against a wall. Minor looked startled when he saw Deputy Pool and he dropped a black object over the wall. Deputy Pool recovered a loaded, .32-caliber revolver in the area where minor dropped the object. Minor later admitted to Deputy Pool that he was a member of South Los and that his gang moniker was "Seed."

**Defense evidence**

In defense to petition A, defendant presented the testimony of a gang expert and one of his teachers to show that he was not a gang member. With regard to petition B, minor testified that the recovered gun was not his, that he never had possession of a gun, and he was not a gang member. Minor testified that in the past he had been a member of a tagging crew for about a year, but since then had engaged in tagging on his own.

## DISCUSSION

### I.  Error in minutes

Minor asks that the juvenile court be ordered to correct its minutes of April 9, 2013.  The minutes show that the court dismissed the gang allegation only as to count 3. In fact, the court found insufficient evidence that any of the offenses alleged in petition B were gang related and orally granted the defense motion, which was directed to counts 1, 2, and 3.  Respondent agrees that the minutes conflict with the oral pronouncement and should be corrected.  We thus grant minor's request and order the juvenile court to correct its minutes.  (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

### II.  Probation condition

Minor challenges the probation condition which requires that minor "not be within one block of any school ground unless enrolled, attending classes, on approved school business, or with school official, parent or guardian" (Condition No. 12).  He contends that it is unreasonable and an unconstitutionally overbroad infringement on his right to loiter and travel.  The clerk of the juvenile court checked the box numbered 12 on a preprinted form (JMOM, 10-30-12), which set forth the condition.[3]  Minor does not challenge the condition insofar as it restricts his entry upon school grounds, but argues that having to keep at least one block away could interfere with legitimate activities unrelated to school, and thus places an unreasonable restriction on his constitutional right to travel.

---

[3]     The juvenile court's verbal order was something different, but minor does not assign the difference as error.  The court said:  "You're not to hang around any schools unless you're going to that school or there on approved school business."  The Oxford English Dictionary defines "hang around" as follows:  "To remain as unwilling to depart or move on; to loiter, linger, as with expectation or interest:  often with the implication of parasitical attachment. . . .  Also, esp. U.S., to hang around (a person, place, etc.)." (Oxford English Dict. Online (2014) <http://www.oed.com/view/Entry/83964?redirectedFrom+hang+around#eid2019452>.) The difference between the verbal condition and the preprinted condition does not invalidate either one.  (See *In re Frankie J.* (1988) 198 Cal.App.3d 1149, 1154-1155; *People v. Thrash* (1978) 80 Cal.App.3d 898, 901-902.)

Minor acknowledges that he failed to object to the imposition of Condition No. 12 below, and that the forfeiture rule ordinarily applies to the failure to challenge an unreasonable or unconstitutional probation condition in the juvenile court. (See *In re Sheena K.* (2007) 40 Cal.4th 875, 883, fn. 4 (*Sheena K.*).) Minor points out, however, that constitutional questions that present pure questions of law without reference to the particular facts of the case may be determined for the first time on appeal. (*Id.* at pp. 883 & fn.4; see p. 889 [reaching vague, overbroad condition forbidding association with "'anyone disapproved of by probation'"].)

Minor contends that his constitutional argument presents a pure question of law that can be resolved without reference to the particular facts of this case. First, he contends that the condition was unreasonable under the test adopted in *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*), which held: "A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' [Citation.]" (*Id.* at p. 486, fn. omitted; *In re Josh W.* (1997) 55 Cal.App.4th 1, 5-6.)

We do not agree that a determination of reasonableness under the *Lent* factors can be made as a pure question of law, particularly in a juvenile case. To fashion reasonable conditions of probation, "the juvenile court must consider not only the circumstances of the crime but also the minor's entire social history. [Citations.]" (*In re Todd L.* (1980) 113 Cal.App.3d 14, 20.) Thus, determination of reasonableness under the *Lent* factors necessarily involves a consideration of all the relevant facts. (See *In re Frankie J., supra*, 198 Cal.App.3d at pp. 1153-1154.) Indeed, minor necessarily argues the facts by asserting that the first *Lent* factor fails "on its face" because the crimes did not take place on school property. Moreover, although minor merely states as a conclusion that the condition was unrelated to future criminality, this determination also requires a consideration of particular facts of the case. (See *In re Todd L., supra*, at p. 19.)

Minor compares this case to *In re E.O.* (2010) 188 Cal.App.4th 1149 (*E.O.*), where an appellate court decided an analogous issue although no objection had been

made in the juvenile court. The juvenile court had directed "'[t]hat said minor not knowingly come within 25 feet of a Courthouse when the minor knows there are criminal or juvenile proceedings occurring which involves [*sic*] anyone the minor knows to be a gang member or where the minor knows a witness or victim of gang-related activity will be present, unless the minor is a party in the action or subpoenaed as a witness or needs access to the area for a legitimate purpose or has prior permission from his Probation Officer.'" (*Id*. at p. 1152.) The condition was found to be an overbroad and unnecessary prohibition of lawful conduct in a public place. (*Id*. at pp. 1152-1155.) Although the court purported to decide the issue as a pure question of law, it did in fact rely on the fact that minor's offense had not been committed in or near a courthouse, and the absence of evidence that the minor had "'loitered on courthouse property, that he had threatened or would threaten witnesses, or that his presence in a courthouse would incite violence.' [Citation.]" (*Id*. at p. 1157.) The *E.O.* court then remanded the matter to the juvenile court for findings that would justify the condition, in essence allowing the minor a second opportunity to object based upon the particular facts of the case. (*Ibid*.)

Minor also compares this case to *People v. Perez* (2009) 176 Cal.App.4th 380 (*Perez*), on which the *E.O.* court extensively relied. (*E.O., supra*, 188 Cal.App.4th at pp. 1152-1157.) Any reliance on *Perez* by minor is misplaced, as *Perez* presented a constitutional issue more susceptible to a resolution without regard to the facts. First, *Perez* involved a probation condition that was very different from the condition imposed here or in *E.O.*: a sweeping ban that prohibited a defendant who had pleaded guilty to second degree robbery from attending any court hearing or being "within 500 feet of any Court in which the defendant is neither a defendant nor under subpoena." (*Perez, supra*, 176 Cal.App.4th at p. 383.) The second and most significant distinction is that *Perez* involved an adult probationer, and "a condition of probation that would be unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court. [Citations.]" (*In re Tyrell J.* (1994) 8 Cal.4th 68, 81, overruled on another point in *In re Jaime P*. (2006) 40 Cal.4th 128, 139.) Thus, a conflict between a constitutional right and a probation condition does not

7

automatically invalidate the juvenile probation condition, and in most cases, the validity of the condition will turn on whether it was reasonably tailored to meet the needs of the minor under all the facts presented.  (See *In re R.V.* (2009) 171 Cal.App.4th 239, 248.)

Citing *In re D.G.* (2010) 187 Cal.App.4th 47 (*D.G.*), respondent agrees with minor that because minor's crimes were not committed on school grounds, the condition is unconstitutional insofar as it requires minor to stay one block away from any campus. Respondent suggests we modify the condition as the appellate court did in *D.G.*, to eliminate the one-block radius, so that it would read as follows:  "'Do not enter on the campus or grounds of any school unless enrolled, accompanied by a parent or guardian or responsible adult, or authorized by the permission of school authorities.'"  (*Id*. at p. 57.) We disagree.  *D.G.* did not invalidate all off-campus restrictions where crimes were not committed on school grounds, but held that a condition which restricted a minor's access to school locations may be unreasonable where the offense was not committed near a school, did not involve other juveniles, *and* was not gang related.  (*Id*. at pp. 50-51.)

It follows from the reasoning of *D.G.*, that where the minor accosts another juvenile who was on his way to school and the juvenile court finds that the offenses were gang related, a reasonable restriction on access to locations both on and near school grounds would reasonably relate not only to the current offense, but also to the prevention of future, similar criminality.

As such facts were presented here, the juvenile court could have exercised its discretion to impose a condition restricting access to schools and areas where other juveniles would be walking to and from school.  That discretion would not be disturbed so long as the condition was "tailored to specifically meet the needs of the juvenile. [Citation.]"  (*In re Josh W., supra*, 55 Cal.App.4th at p. 5; see also *Sheena K., supra*, 40 Cal.4th at p. 889.)  Since that determination is a factual one to be based upon all the circumstances and minor's social history (see *In re R.V., supra*, 171 Cal.App.4th at p. 248; *In re Todd L., supra*, 113 Cal.App.3d at p. 20), we conclude that the issue cannot be reviewed here as a pure question of law, and thus, that minor has forfeited the issue by failing to object to the condition in the juvenile court.

8

However, although not made as a discrete contention, we agree with minor's suggestion that regardless of the facts of the case, probation Condition No. 12 is vague to the extent that any minor subject to it could unwittingly violate it by, for example, riding a bus through an unfamiliar neighborhood. (See *E.O., supra*, 188 Cal.App.4th at p. 1155.) "A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated.'. . . [Citation.]" (*Sheena K., supra*, 40 Cal.4th at p. 890.) The reviewing court may modify the condition to make it sufficiently explicit. (*Id*. at p. 892.) We thus add a knowledge requirement to the condition imposed.

## III. *Pitchess* hearing

Prior to trial, the juvenile court granted minor's *Pitchess* motion to the extent of the discovery of any complaints of fabrication by Deputy Pool and Deputy Silvio Paz. Minor requests a review of the juvenile court's discretion in determining that there were no discoverable items in the records produced in response to his *Pitchess* motion. (See *People v. Jackson* (1996) 13 Cal.4th 1164, 1220-1221.) The records produced in camera were not retained, but the custodian of records described each document and the juvenile court examined each one. We have reviewed the sealed transcript of that hearing and find it sufficient to review the juvenile court's discretion, without having to order the production of the same documents in this court. (See *People v. Mooc* (2001) 26 Cal.4th 1216, 1228-1229.) Upon review of the sealed record of the in camera proceedings, we conclude that the juvenile court properly exercised its discretion in determining that the documents produced complied with the scope of the *Pitchess* motion, and that none of the documents or information warranted disclosure to the defense.

## DISPOSITION

Probation Condition No. 12 is modified to read: "Do not knowingly be within one block of any school ground unless enrolled, attending classes, on approved school business, or with school official, parent or guardian." In addition, the juvenile court is ordered to correct its minutes of April 9, 2013, to reflect that the court dismissed all three gang allegations in petition B. As so modified, and in all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J.
CHAVEZ

We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.*
FERNS

_____
* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10